IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.      Re: 1:18-cr-10030-JDB-4

ELIZABETH ESPEY,

    Defendant.

ORDER CONSTRUING LETTER AS A § 2241 PETITION
AND
DISMISSING PETITION WITHOUT PREJUDICE

On February 22, 2022, the Court sentenced the Defendant, Elizabeth Espey, to eighty months' incarceration "to be served concurrently with any sentence imposed in Jackson City Court, Jackson, Tennessee." (Docket Entry ("D.E.") 619.) On December 2, 2022, the Defendant filed a letter alleging that the Federal Bureau of Prisons (the "BOP") is not crediting her federal sentence with the time she served on her state conviction. (D.E. 648.) The letter is in the nature of a 28 U.S.C. § 2241 habeas corpus petition. *See United States v. Dowell*, 16 F. App'x 415, 420 (6th Cir. 2001) (a federal "prisoner may seek judicial review of the computation of . . . credit" for time served in state prison by bringing a claim "under 28 U.S.C. § 2241"). Before a defendant may bring a § 2241 petition, she must exhaust her administrative remedies with the BOP. *See id.* She must also file her petition in the district court for the district in which her custodian is located. *See Braden v. Thirtieth Judicial Cir. Ct.*, 410 U.S. 484, 495 (1973). The inmate does not indicate in her letter whether she first brought her complaint to the BOP. And because she is incarcerated at Federal Medical Center Carswell located in Tarrant County, Texas, she must file her claim in the district court for the Northern District of Texas, Fort Worth Division. *See* 28 U.S.C. § 124(a)(2). The petition is therefore DISMISSED without prejudice.

IT IS SO ORDERED this 5th day of January 2023.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE
